GERTRUDE BERNDT ET AL., PLAINTIFFS-RESPONDENTS.
v. LOGAN CORPORATION, DEFENDANT-APPELLANT.

Submitted January 21, 1936—Decided August 12, 1936.

Before BROGAN, CHIEF JUSTICE, and Justices LLOYD and DONGES.

For the appellant, *Donald G. Davis* and *Norbert T. Burke.*

For the respondents, *Bassin & Bassin* and *Harry Weltchek.*

PER CURIAM.

This is an appeal from a judgment of the Union County Court of Common Pleas entered upon the verdict of a jury in favor of the plaintiffs against the defendants.

Plaintiffs were tenants in a tenement house owned by the defendant corporation. On June 22d, 1934, at about nine-thirty P. M., plaintiff Gertrude Berndt desired to descend from her apartment on the second floor to the street. The lights furnished and maintained by the defendant in the halls and on the stairway were not lighted. She attempted to descend in the darkness, holding the banister with her hand. She reached a landing four steps above the first floor, where the banister stopped. She then attempted to guide herself by holding her hand against the wall the balance of the way but missed her step in the darkness and fell. For the injuries so suffered and the consequential damages to her husband, the judgment under review has been recovered.

The first three points argue that there should have been a nonsuit because there was no proof of defendant's negligence. We think this is not so. The defendant was required by the statute to light the common hallways and stairways and had been accustomed to do so. The lights admittedly were under the control of the defendant and its agent. The testimony was that the lights had been out for two nights before the night in question and that defendant's agent, Mrs. Heilich, had been notified. Mrs. Heilich testified she went to the premises on the morning of June 22d and replaced a fuse, after which the lights worked, she says. However, there was testimony that they were still out on the night of June 22d, when plaintiff fell, so a jury question was clearly presented.

What has been said above also applies to the fourth point, to the effect that notice to the defendant was not proved.

The remaining two points are to the effect that in attempting to descend the stairway in the darkness, the plaintiff was guilty of negligence which is a bar to recovery. We think this question was one of fact for the jury. In *Kargman* v. *Carlo*, 85 *N. J. L.* 632; 90 *Atl. Rep.* 292, it was held that a guest in a tenement house, unfamiliar with the stairway, was not guilty of contributory negligence as a matter of law in attempting to descend when accompanied by one who was familiar and attempted to help her down. In the instant case the plaintiff had lived on the premises for four years and was thoroughly familiar with the hall and stairs. We do not think it was negligence *per se* to attempt to descend in the darkness.

The questions of negligence of defendant and contributory negligence of plaintiff were for the jury.

The judgment is affirmed, with costs.